**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY | : | |
| as subrogee of George and Robin Russell | : | CIVIL ACTION NO. |
| 15 Mountain View Road | : | |
| Warren, NJ 07059, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | **JURY TRIAL** |
| | : | **DEMANDED** |
| OMEGA FLEX, INC. | : | |
| 451 Creamery Way | : | |
| Exton, PA 19341, | : | |
| | : | |
| and | : | |
| | : | |
| J. M. RAMOS, INC. | : | |
| 5 Ramos Ct. | : | |
| Nantucket, MA 02554, | : | |
| | : | |
|     Defendants. | : | |

**COMPLAINT**

NOW COMES Plaintiff, Federal Insurance Company, as subrogee of George and Robin Russell, by and through their attorneys, as and for their Complaint against Defendants OmegaFlex, Inc., and J. M. Ramos, Inc. state as follows:

**PARTIES**

1.   Plaintiff, Federal Insurance Company, a/s/o George and Robin Russell [hereinafter "Federal"], is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business located at 15 Mountain View Road, Warren, New Jersey.

2.   At all times material hereto, Plaintiff Federal was duly authorized to issue policies of insurance within the Commonwealth of Massachusetts.

3.   Defendant, Omega Flex, Inc. [hereinafter "Omega Flex"], is a Pennsylvania corporation with a principal place of business located at 451 Creamery Way, Exton, Pennsylvania.

4. At all times relevant, Defendant Omega Flex was in the business of manufacturing, selling and distributing, *inter alia*, corrugated stainless steel tubing sold under the brand name of TracPipe CSST.

5. Defendant, J.M. Ramos, Inc. [hereinafter "Ramos"], is a Massachusetts corporation with a principal place of business located at 5 Ramos Ct., Nantucket, Massachusetts.

6. At all times relevant, Defendant Ramos was a general contractor, engaged in the construction and remodeling of residential homes, to include the installation of CSST.

## JURISDICTION AND VENUE

7. Jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. §1332 as the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

8. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391(a), as the acts and omissions that gave rise to this matter took place in this jurisdiction and Defendants are subject to jurisdiction within the district.

## GENERAL AVERMENTS

9. At all times material hereto, George and Robin Russell [herein collectively known as "the Russells"] owned real and personal property located at 4 Barstow Road, Nantucket, Massachusetts ["Residence"].

10. At all times material hereto, Plaintiff Federal provided property insurance to the Russells for the Residence.

11. Prior to February 13, 2014, Defendant Ramos installed TracPipe CSST in the Russells' home.

12. The TracPipe CSST installed in the Russells' home was manufactured by Defendant OmegaFlex.

13.     On or about February 13, 2014, a thunderstorm moved into the Nantucket area, accompanied by lightning.

14.     During the February 13, 2014 thunderstorm, a lightning discharge hit at or near the residence.

15.     The energy from the lightning discharge migrated to the TracPipe CSST which perforated, releasing propane gas.

16.     The heat from the melting event simultaneously ignited the escaping gas, causing a fire which substantially damaged the residence and the Russell's real and personal property therein.

17.     Pursuant to the terms and conditions of the policies of insurance, Federal has and will pay the damages, as provided within the policy.

18.     To the extent of its payment, Federal is legally and equitably subrogated to the rights of its insureds.

### COUNT I – OMEGA FLEX, INC.
### BREACH OF WARRANTY

19.     Plaintiff incorporates the preceding allegations.

20.     As set forth above, Defendant Omega Flex failed to provide a product which was fit and adequate for its foreseeable and intended use and free from defects in its design, manufacture, warnings and/or instructions, which constitutes a breach of its express and implied obligations and warranties, thereby rendering Defendant Omega Flex strictly liable.

21.     By reason of the aforesaid breaches of warranty, the Russells sustained severe and extensive damages.

WHEREFORE, Plaintiff Federal respectfully request that this Court enter judgment in their favor and against Defendant OmegaFlex, Inc. together with pre-judgment interest, and the costs of this action..

## COUNT II – OMEGA FLEX, INC.
## NEGLIGENCE

22. Plaintiff incorporates the previous paragraphs.

23. At all relevant times, Defendant OmegaFlex owed the Russells a duty to use reasonable care in the development, production and marketing of the TracPipe CSST product that was used in the Subject Residence.

24. Defendant OmegaFlex breached its aforesaid duty to the Russells in one or more of the following ways:

   a) Failing to properly develop the TracPipe CSST product with an adequate exterior skin and coatings so that the product was able to tolerate normal and expected conditions in the environment where it is installed;

   b) Failing to design its TracPipe CSST product with a wall thickness that is capable of withstanding anticipated and foreseeable weather conditions;

   c) Failing to properly inspect and test the design and construction of its product before distributing the product to the public;

   d) Carelessly and negligently advertised its product as a suitable replacement for black iron pipe when it was incapable of withstanding normal and expected conditions in the environment where it was installed;

   e) Failing to warn the Russells of the substantial risk of fire or similar peril presented by the normal use of its product;

   f) Failing to provide the Russells with a product that was capable of withstanding damage to its integrity resulting from expected and typical electrical storms and lightning common to the area;

   g) Failing and/or omitting to do those things necessary to avoid an unreasonable risk of harm to the Russells' real and personal property;

   h) Failing to comply with all other applicable codes, regulations, guidelines, policies, procedures and/or industry customs and/or practices; and

   i) Failing to issue a post-sale warning of the known deficiencies and dangers associated with its TracPipe CSST product.

25. As a direct and proximate result of the aforesaid negligent, careless and/or reckless acts and/or omissions, the Russells sustained damage to their real and personal property, for which Defendant OmegaFlex is legally liable.

WHEREFORE, Plaintiff Federal respectfully request that this Court enter judgment in their favor and against Defendant OmegaFlex, Inc. together with pre-judgment interest, and the costs of this action.

### COUNT III – J.M. RAMOS, INC.
### NEGLIGENCE

26. Plaintiff incorporates the previous paragraphs as though fully set forth herein.

27. At all relevant times, Defendant Ramos owed the Plaintiff's insureds a duty to use reasonable care in the proper installation of the TracPipe CSST that was used in the Subject Residence.

28. Defendant Ramos breached its aforesaid duty to the Plaintiff's insureds in one or more of the following ways:

   a) Failing to property install the TracPipe CSST product in accordance with the Design and Installation Guide provided by the manufacturer;

   b) Failing to install a bonding clamp as referenced by the Design and Installation Guide provided by the manufacturer;

   c) Failing to properly inspect the CSST system to determine whether the system complied with the current Design and Installation Guide provided by the manufacturer;

   d) Failing to warn the Russells of the substantial risk of fire or similar peril presented by the normal use of the CSST product which it installed;

   e) Failing to provide the Russells with a product that was capable of withstanding damage to its integrity resulting from expected and typical electrical storms and lightning common to the area;

   f) Failing and/or omitting to do those things necessary to avoid an unreasonable risk of harm to the Russells' real and personal property;

g) Failing to comply with all other applicable codes, regulations, guidelines, policies, procedures and/or industry customs and/or practices;

h) Failing to issue a post-sale warning of the known deficiencies and dangers associated with its TracPipe CSST product;

i) Failing to follow local codes and standard, including but not limited to, the National Fuel Gas Code and the National Electric Code, as adopted by this jurisdiction;

j) Failing to properly train its employees in the proper methods to be used for the installation of TracPipe CSST, and;

k) Otherwise failing to exercise due care in the installation of the CSST.

29. As a direct and proximate result of the aforesaid negligent, careless and/or reckless acts and/or omissions, the Russells sustained damage to their real and personal property for which Defendant Ramos is legally liable.

WHEREFORE, Plaintiff Federal respectfully request that this Court enter judgment in their favor and against Defendant J. M. Ramos, Inc. together with pre-judgment interest, and the costs of this action.

Respectfully Submitted,

By: /s/ Patrick J. Loftus III
Patrick J. Loftus, III BBO # 303310
Law Offices of Patrick J. Loftus, III
9 Park Street, Suite 200
Boston, MA 02108
617-723-7770
E-mail: soxdctr@gmail.com

*OF COUNSEL:*
James P. Cullen, Esquire
BBO #675217
Mark E. Utke, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
Phone: (215) 665-2000
Fax: (215) 665-2013
E-mail:mutke@cozen.com
jcullen@cozen.com